**Manuel JAIMES–MENDOZA,** **Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney** **General, Respondent.**

**No. 06–72479.**

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 9, 2010.

Jonathan David Montag, Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Manuel Jaimes–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

The BIA concluded that Jaimes–Mendoza is inadmissible due to his conviction for being under the influence of cocaine pursuant to Cal. Health & Safety Code § 11550 despite his subsequent relief under Cal.Penal Code § 1203.4. The BIA, however, did not have the benefit of our intervening decision in *Rice v. Holder,* 597 F.3d 952, 957 (9th Cir.2010), which held that an individual convicted of using or being under the influence of a controlled substance and who was subsequently granted relief under § 1203.4 is eligible for the same immigration treatment as individuals convicted of simple drug possession whose convictions are expunged under the Federal First Offender Act (FFOA). *See also Lujan–Armendariz v. INS,* 222 F.3d 728, 735 (9th Cir.2000) (Under the FFOA, "the finding of guilt is expunged and no legal consequences may be imposed as a result of the defendant's having committed the offense. The [FFOA's] ameliorative provisions apply for all purposes.").

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We therefore remand for the BIA to reconsider Jaimes–Mendoza's eligibility for relief from removal. *See generally INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.